Michael **HENDERSON**, Plaintiff,

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY**, Defendant.

**No. CIV.A. 00–CV–6097.**

United States District Court,
E.D. Pennsylvania.

April 25, 2001.

---

Richard Q. Hark, Hark and Hark, Phila-delphia, PA, for Plaintiff.

Robert T. Horst, Robert M. Runyon, III, Nelson, Levine Deluca and Horst, LLC, Blue Bell, PA, for Defendant.

## MEMORANDUM

GREEN, Senior District Judge.

Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and Count II of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff's Response thereto. For the following reasons, Defendant's motion will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 23, 1998, at approximately 3:20 a.m., Plaintiff Michael Henderson's 1995 BMW 740i automobile was allegedly stolen while parked on Spring Garden Street in Philadelphia, Pennsylvania. (*See* Compl. ¶ 7.) Elizabeth Henderson, Plaintiff's former wife, allegedly parked the automobile on the street while she visited a nightclub in the area. (*See* Compl. ¶ 5.) Upon her return, Mrs. Henderson discovered that the automobile was missing. (*See* Compl. ¶ 7.) The theft was reported to the Philadelphia Police Department, and the automobile was subsequently recovered in Bensalem, Pennsylvania on May 23, 1998. (*See* Compl. ¶ 8.) The automobile was severely damaged by fire. (*See* Compl. ¶ 9.)

Plaintiff's automobile was insured with Defendant Nationwide Mutual Insurance Company. (*See* Compl. ¶ 10; Pl.'s Ex. A.) Plaintiff's policy provided specific coverage for loss sustained by theft of the automobile. (*See* Compl. ¶ 12.) Shortly after the alleged theft, Plaintiff filed a claim for the theft of his automobile under his insurance policy with Defendant. (*See* Compl. ¶ 13.) Defendant commenced a Declaratory Judgment action in the Court of Common Pleas in Delaware County, Pennsylvania alleging fraud on Plaintiff's behalf. (*See* Def.'s Ex. B.) The Declaratory Judgment action subsequently settled. (*See* Def.'s Mot. to Dismiss ¶ 4; Pl.'s Resp. at ¶ 4.) Plaintiff then instituted the above captioned matter on December 1, 2000 alleging breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8371. Jurisdiction is premised on 28 U.S.C. § 1332(a)(1).[1] Defendant filed a Motion to Dismiss Plaintiff's Complaint and, in the alternative, Count II of the Complaint. Plaintiff filed a response.

## II. DISCUSSION

Fed.R.Civ.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of jurisdiction over the subject matter. A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000) (citing *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *See Mortensen*, 549 F.2d at 890. When the challenge to jurisdiction is factual, however, the court is not bound by the allegations in the pleadings. *See id.* Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges. *Id.* Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion. *See id.* Dismissal is proper

1. The Complaint alleges that Plaintiff is a citizen of Pennsylvania, and Defendant is an Ohio corporation with its principal place of business in Columbus, Ohio. (*See* Compl. ¶¶ 1–2.) The Complaint also alleges that "the matter in controversy exceeds the sum of $100,000.00." (Compl.¶ 3.)

where the federal claim is "made solely for the purpose of obtaining jurisdiction" or where such a claim is "wholly insubstantial and frivolous." *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898 (3d Cir.1987) (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

In addition, Fed.R.Civ.P. 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering such a motion, the district court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990) (citation omitted). Dismissal is proper only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## A. Subject Matter Jurisdiction

▆▆▆ Title 28 U.S.C. § 1332 states in relevant part:

(a) The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States. . . .

The amount in controversy "claimed by the plaintiff, if made in good faith, will be accepted unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Orndorff v. Allstate Insurance Co.*, 896 F.Supp. 173, 175 (M.D.Pa.1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Attorneys fees, costs, interest and punitive damages are included in the amount in controversy if they are available

to successful plaintiffs under a statutory cause of action. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir.1997). The Pennsylvania statute governing bad faith claims in insurance actions, 42 Pa. C.S.A. § 8371, provides recovery of punitive damages, court costs and attorneys' fees for successful plaintiffs.

In the present matter, Defendant makes a factual challenge to this court's jurisdiction and moves to dismiss the Complaint for failure to establish that the amount in controversy requirement of $75,000 for diversity jurisdiction has been, or could be, satisfied. Defendant contends that Plaintiff has "failed to establish any fact" that would sustain this court's jurisdiction. (*See* Def.'s Mem. Supp. Mot. to Dismiss at 3.) In response, Plaintiff argues that the amount in controversy requirement is satisfied by aggregating his actual and punitive damages.

In both Counts I and II of the Complaint, Plaintiff demands judgment "in excess of $100,000.00 exclusive of compensatory and/or consequential damages allowed by law, together with interest, costs of court, attorney fees and such other relief as this Court deems just and proper." (*See* Compl. at 7, 9.) Plaintiff's actual damages include, but are not limited to, the value of Plaintiff's automobile. Although the value of Plaintiff's automobile is unspecified and therefore, cannot be used to determine whether jurisdiction is proper, Plaintiff's other allegations are sufficient to satisfy the requisite jurisdictional amount. In Count II of the Complaint, Plaintiff alleges that Defendant acted in bad faith on account of Plaintiff's race. (*See* Compl. ¶¶ 21 r, s; 22 in Count II.) If Plaintiff proves this allegation, he may be entitled to compensatory and/or consequential damages in excess of $75,000. Moreover, in the absence of any evidence to the contrary, it appears that Plaintiff's

demands were made in good faith. Thus, I am unable to say to a legal certainty that Plaintiff will be unable to recover an amount in excess of $75,000 in the present matter. Accordingly, Plaintiff has met his burden of establishing the requisite jurisdictional amount for diversity jurisdiction, and Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) will be denied.

## B. Bad Faith

■ Under Pennsylvania law, an insured may bring a cause of action against an insurer who has acted in bad faith. See 42 Pa.C.S.A. § 8371. To recover on a bad faith claim, a plaintiff must show both "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.1997) (citing *Terletsky v. Prudential Property and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)).

■ Defendant moves to dismiss Count II, Plaintiff's bad faith claim, for failure to state a cause of action upon which relief can be granted. Defendant argues that there is no basis to support Plaintiff's claim for bad faith. Plaintiff responds that Defendant's motion should be denied, because the Complaint sets forth specific facts identifying Defendant's bad faith.

The Complaint alleges that Plaintiff cooperated fully with Defendant's investigation of Plaintiff's claim and was entitled to payment for the value of his stolen automobile. (*See* Compl. ¶ 14.) However, the Complaint alleges that Defendant, on account of Plaintiff's race, failed to objectively and fairly evaluate Plaintiff's claim, asserted defenses without reasonable basis in fact, unnecessarily and unreasonably compelled litigation, conducted an unreasonable investigation of Plaintiff's claim,

and unreasonably withheld Plaintiff's policy benefits. (*See* Compl. ¶¶ 21 r, s; 22 in Count II.) Viewing the facts in a light most favorable to Plaintiff, I find that Plaintiff has asserted a claim upon which relief may be granted. Thus, Defendant's Motion to Dismiss Count II of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.