Bentley A. HOLLANDER, Plaintiff,

v.

**ETYMOTIC RESEARCH, INC., Defendant.**

**Civil Action No. 10–526.**

United States District Court, E.D. Pennsylvania.

July 14, 2010.

Opinion Denying Reconsideration Nov. 1, 2010.

Ilan Rosenberg, Jacob C. Cohn, Cozen O'Connor, Philadelphia, PA, for Plaintiff.

Jonathan M. Rushman, Stephen F. Sherry, McAndrews Heid & Malloy Ltd., Chicago, IL, Lynn Bavaro Morreale, Stuart A. Schanbacher, Woodcock Washburn LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM OPINION

TUCKER, District Judge.

Presently before the Court are Defendant Etymotic Research, Inc.'s Motion to Dismiss or Transfer (Doc. 13); Plaintiff Bentley Hollander's Response in Opposition thereto (Doc. 14); Defendant's Motion to File a Reply (Doc. 15); and Plaintiff's Response in Opposition thereto (Doc. 16). For the reasons set forth below, this Court will grant in part and deny in part Defendant's Motion to Dismiss or Transfer, and deny Defendant's Motion to File a Reply.

## BACKGROUND

Plaintiff Bentley Hollander ("Plaintiff") has brought this *qui tam* action against Defendant Etymotic Research, Inc. ("Defendant") for its alleged violation of the false marking statute, 35 U.S.C. § 292, in connection with its marking of certain ear-

phones and earplugs with expired patent numbers. Specifically, Plaintiff claims that Defendant has violated 35 U.S.C. § 292(a) by, *inter alia,* falsely marking articles with expired patents and using those expired patents in its advertising of the articles for the purpose of deceiving the public into believing that the articles are covered by the expired patents. (Compl. ¶ 2.)

Defendant Etymotic is a research, development, and manufacturing company that designs and manufactures in-ear products, such as earphones, hearing aids, and earplugs. (*See* Compl. ¶¶ 9–15.) Defendant's scientists, engineers, and audiologists have collaborated to generate over 100 patents. (*See* Compl. ¶ 16.) Plaintiff claims that, since 1984 and continuing to the present, Defendant has marked, or caused to be marked, products with one or more of the '679 Patent, the '753 Patent, and the '683 Patent.[1] (Compl. ¶¶ 16–17.) According to Plaintiff, the '679 Patent expired on July 5, 2004; the '753 Patent expired on October 4, 2005; and the '683 Patent expired on January 27, 2008. (Compl. ¶¶ 20–22.) Defendant's alleged marking and sale of several products with those expired patents has given rise to the instant suit.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). A complaint should be dismissed only if

the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium Antitrust Litig.,* 214 F.3d 395, 397–98 (3d Cir.2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). On the contrary, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993) (citation omitted).

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case. Rule 12(b)(1) motions are either facial or factual challenges. *CNA v. United States,* 535 F.3d 132, 139 (3d Cir.2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. *Id.* (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir.2007)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and at-

---

**1.** The three patents at issue are as follows: (1) U.S. Pat. No. 4,677,679, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on July 5, 1984; issued on June 30, 1987) ("the '679 Patent"); (2) U.S. Pat. No. 4,763,753, entitled "INSERT EARPHONES FOR AU-

DIOMETRY" (filed on October 4, 1985; issued on August 16, 1988) ("the '753 Patent"); and (3) U.S. Pat. No. 4,852,683, entitled "EARPLUG WITH IMPROVED AUDIBILITY" (filed on January 27, 1988; issued on August 1, 1989) ("the '683 Patent").

tached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). In reviewing a factual attack, the court is not confined to the allegations of the complaint. *Cestonaro v. United States*, 211 F.3d 749, 754 (3d Cir.2000). No presumption of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l*, 227 F.3d at 69 (citation omitted). The plaintiff bears the burden of persuasion regardless of whether the challenge is facial or factual. *Henderson v. Nationwide Mut. Ins. Co.*, 169 F.Supp.2d 365, 367–368 (E.D.Pa.2001).

## DISCUSSION

Defendant has raised four arguments in support of dismissing this action or, in the alternative, transferring venue to the Northern District of Illinois. The Court will address each of those arguments in turn.

### I. *Marking After Patent Expiration*

■ First, Defendant concedes that it has been marking and advertising expired patents, but argues that such activities do not constitute false marking. Specifically, Defendant contends that an article that is encompassed by a claim of a patent that has expired is not an "unpatented article" under the false marking statute, and therefore, the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The false marking statute permits any person to sue a party who marks the word "patent" on an "unpatented article." 35 U.S.C. § 292. There is a dearth of case law in the Third Circuit addressing whether the continued use of a mark on a product after the expiration of a patent constitutes false marking. However, Defendant's argument that Section 292 does not reach the marking of articles with expired patents is not persuasive in light of Supreme Court and Federal Circuit precedent. *See generally* 7 Donald S. Chisum, *Chisum on Patents* § 20.03 (2010) ("[A] strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent.")

The Supreme Court has held that "[f]or purposes of federal law ... an item for which a patent has expired or been denied ... is unpatented and unpatentable." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 159, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989). Also, in a recent case, the Federal Circuit acknowledged that articles marked with expired patent numbers are falsely marked. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed.Cir. 2010). Specifically, the Federal Circuit held that an article covered by an expired patent is "unpatented" and "[a]n article that was once protected by a now-expired patent is no different [from] an article that has never received protection from a patent." 608 F.3d at 1361 *see also Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed.Cir.2005) (noting that the false marking statute's reference to "unpatented article" means that "the article in question is not covered by at least one claim of each patent with which the article is marked").

Here, since the subject products are covered by expired patents, they are "unpatented." Therefore, the Court will not dismiss this action on the basis of Defendant's argument that marking an article after the expiration of a patent does not violate 35 U.S.C. § 292.

## II. *Standing*

Defendant also argues that Plaintiff lacks standing to pursue his claims. To satisfy the constitutional standing requirements of Article III, a plaintiff must show that: (1) he suffered an "injury in fact;" (2) the injury is traceable to the defendant's action; and (3) the injury is likely to be redressed by the court. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The plain language of 35 U.S.C. § 292(b) clearly provides that "[a]ny person" is permitted to sue for false marking.

Moreover, courts have recognized that actions for falsely marking articles with expired patents state legally cognizable claims on behalf of the United States. *See, e.g., Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 97 (2d Cir.2009) ("Qui tam plaintiffs, even if not personally injured by a defendant's conduct, possess constitutional standing to assert claims on behalf of the Government as its effective assignees.") (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773–74, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)); *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302–03 (Fed. Cir.2009); *Simonian v. Cisco Sys.*, No. 10 C 1306, 2010 WL 2523211, at *2, 2010 U.S. Dist. LEXIS 60752, at *5 (N.D.Ill. June 17, 2010) ("In the case of qui tam statutes, an injury to the United States is sufficient to confer standing upon a relator.") (citing *Vt. Agency*, 529 U.S. at 773–74, 120 S.Ct. 1858); *Juniper Networks v. Shipley*, No. C

09–0696 SBA, 2010 WL 986809, at *6, 2010 U.S. Dist. LEXIS 24889, at *16 (N.D.Cal. Mar. 16, 2010) ("[I]n qui tam actions, the injury need not be suffered by the relator; injury in fact to the United States is sufficient.").

Indeed, "Congress intended the public to rely on marking as 'a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.'" *Clontech Labs., Inc.*, 406 F.3d at 1356 (citing *Bonito Boats*, 489 U.S. at 162, 109 S.Ct. 971). Federal patent law "recogniz[es] an 'important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain.'" *Id.* at 1356 (citing *Lear, Inc. v. Adkins*, 395 U.S. 653, 670, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969)). False marking injures that interest because it "misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article." *Id.* at 1356–57; *see also Forest Group, Inc.*, 590 F.3d at 1302 (explaining that false marking deters innovation and stifles competition in the marketplace).

■ Here, Plaintiff expressly brings this suit on behalf of the United States, claiming that Defendant "has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products." (Compl. ¶ 32.) That is exactly the type of injury that confers standing upon an individual to bring a *qui tam* action under the false marking statute. Therefore, dismissal is not warranted on standing grounds.

### III. *Sufficiency of Pleadings*

Defendant further contends that Plaintiff did not properly plead "intent to deceive," and that such a showing is subject to the heightened pleading requirements applicable to claims of "fraud or mistake" under Fed.R.Civ.P. 9(b). Under Fed. R.Civ.P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The pleading standard is heightened under Fed. R.Civ.P. 9(b), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

The false marking statute requires that the marking be done with the "purpose of deceiving the public." 35 U.S.C. § 292. Under Rule 9(b), intent or other conditions of a person's mind may be alleged generally, however, "the pleadings must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Simonian*, 2010 WL 2523211, at *3, 2010 U.S. Dist. LEXIS 60752, at *8 (citations omitted). Rule 9(b) permits allegations based on "information and belief" when "essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." *Id.; Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed.Cir.2009). "[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Clontech Labs., Inc.*, 406 F.3d at 1352.

Since deceptive purpose is an element of the claim, some courts have found that Rule 9(b) applies to false marking claims. *See, e.g., Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No: 8:10–cv–486–T–23TGW, 2010 WL 2640137, at *1, 2010 U.S. Dist. LEXIS 65047, at *3 (M.D.Fla. June 30, 2010) (holding that plaintiff's allegation that defendant "knows, or reasonably should know, that marking the Cartridge Products with patents that do not cover the Cartridge Products, or patents that are invalid or expired, will deceive the public" fails to satisfy Rule 9(b)); *Simonian*, 2010 WL 2523211, at *4, 2010 U.S. Dist. LEXIS 60752, at *6–12 ("Simonian cannot proceed with his claim absent any specific factual allegations indicating that Cisco had knowledge of the mismarking or an intent to deceive the public."); *Inventorprise, Inc. v. Target Corp.*, No. 09–CV–00380, 2009 WL 3644076, at *7 n. 16, 2009 U.S. Dist. LEXIS 102852, at *23 n. 16 (N.D.N.Y. Nov. 2, 2009); *Juniper Networks*, 2009 WL 1381873, at *4, 2009 U.S. Dist. LEXIS 40978, at *4 ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, No. CV–00–2430–VEH, 2006 WL 4448613, at *24, 2006 U.S. Dist. LEXIS 95833, at *78 (N.D.Ala. Jan. 10, 2006) ("Both the language of Section 292 and the binding authority in this Circuit place on the defendants the burden to plead and produce facts demonstrating that the plaintiffs, in marking the solution with the '515 patent, had the specific intent to deceive the public into believing something that the plaintiffs knew to be false.")

However, other courts have been reluctant to expand the scope of Rule 9(b) to claims that do not sound in fraud or mistake. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to ex-

tend such exceptions to other contexts."); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) ("Rule 9(b) ... impose[s] a particularity requirement in two specific instances ... 'in all averments of fraud or mistake ...' "); *Astec Am., Inc. v. Power-One, Inc.,* No. 6:07–cv–464, 2008 WL 1734833, at *12, 2008 U.S. Dist. LEXIS 30365, at *33 (E.D.Tex. Apr. 11, 2008) ("[C]ourts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake."); *Third Party Verification, Inc. v. Signaturelink, Inc.,* 492 F.Supp.2d 1314, 1327 (M.D.Fla.2007) ("There is no case law that has required the Rule 9 level of pleading [for] claims for false marking."). Thus, the case law is still evolving, and there is no binding precedent on the issue of whether Rule 9(b) applies in the context of false marking claims.

■ Here, Plaintiff alleges "upon information and belief" that Defendant: (1) has marked and continues to mark Plaintiff's products with an expired patent; (2) and has used and continues to use the expired patent in its advertising; (3) for the purpose of deceiving the public into believing that its products are covered by the expired patents at issue. (Compl. ¶¶ 30–31, 40–41, 50–51.) Plaintiff also alleges that Defendant "knows or reasonably should know that all patents, including the '679 Patent, the '753 Patent, and the '683 Patent, have a limited duration." (Compl. ¶ 19.) In addition, Plaintiff alleges that Defendant "could not have had any reasonable belief" that the products were covered by the subject patents. (Compl. ¶¶ 27, 37, 47.) Plaintiff further alleges "upon information and belief" that Defendant "knew or reasonably should have known" that the products were marked with expired patents. (Compl. ¶¶ 28, 38, 48.)

Similar allegations were raised in *Brinkmeier v. Graco Children's Products,* 684 F.Supp.2d 548, 553 (D.Del.2010). In *Brinkmeier,* the court ultimately declined to rule on whether Rule 9(b) applies to false marking cases because the amended complaint failed to meet even the liberal pleading standards of Rule 8(a). The plaintiff in *Brinkmeier* alleged in Count I that "because the scopes of these patents do not cover the marked products, Defendant 'cannot have any reasonable belief that such products are protected by such patents' and that Defendant 'knows, or should know' that the products have been falsely marked." 684 F.Supp.2d at 553. The plaintiff also alleged " '[u]pon information and belief, [Defendant] marked products ... with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s].' " *Id.* The court concluded that "[those] allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by [*Bell Atlantic Corp. v.*] *Twombly* [550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ]." *Id.*

However, the court concluded that with respect to one of the patent markings, the plaintiff had sufficiently pleaded intent to deceive under Rule 8(a) and Rule 9(b). *Id.* Specifically, the plaintiff alleged that Defendant had sued two competitors for infringing the '437 patent and had revised its patent markings at least three times since the '437 patent expired. *Id.* On that basis, the plaintiff alleged that Defendant's marking of its products with the expired '437 patent was intentional. *Id.* Those pleadings were sufficient to suggest that Defendant had an intent to deceive with respect to the '437 patent marking. *Id.*

Construing the facts in the light most favorable to Plaintiff, Plaintiff's allegations might pass muster under Rule 8(a), but not under Rule 9(b). Clearly, Plaintiff has sufficiently pleaded "the fact of misrepresentation." Indeed, it is undisputed that Defendant marked its products with expired patents. However, specific facts showing Defendant's knowledge of falsity or intent to deceive are critically absent from the pleadings. Defendant has conceded only that its patents expired, not that it *knew* that those patents were expired when it marked its products. Although Plaintiff has alleged that Defendant knew or reasonably should have known that the products were marked with expired patents, Plaintiff attempts to support those allegations by averring merely that: (1) Defendant knows that patents have limited duration; (2) the patents at issue expired; and (3) Defendant continued to mark its products with those patents after expiration. Those allegations do not sufficiently articulate knowledge of falsity or intent to deceive because Defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Defendant knew that the patents at issue actually expired. Moreover, Plaintiff's allegations based on information and belief are insufficient under Rule 9(b) where Plaintiff has failed to set forth specific facts upon which such belief is reasonably based. Therefore, Plaintiff's allegations

do not meet Rule 9(b)'s heightened pleading standards.

The Court is persuaded by the law of other district courts holding that false marking claims are fraud-based claims subject to Rule 9(b)'s heightened pleading standards. Moreover, although the Federal Circuit has yet to determine whether Rule 9(b) applies to false marking claims, it has recently held that inequitable conduct claims, which also require a showing of intent to deceive, are subject to Rule 9(b). *Exergen Corp.*, 575 F.3d at 1325–31. The two Supreme Court cases cited by Plaintiff, declining to extend Rule 9(b) in circumstances not constituting fraud or mistake, involve civil rights cases alleging municipal liability under § 1983 and, therefore, are inapposite. *See Leatherman*, 507 U.S. at 168, 113 S.Ct. 1160; *Swierkiewicz*, 534 U.S. at 513, 122 S.Ct. 992. Accordingly, dismissal is warranted on the ground that Plaintiff has not adequately alleged intent to deceive under Rule 9(b).[2]

## IV. *Transfer of Venue*

Finally, Defendant argues that this case should be transferred to the Northern District of Illinois. A district court may transfer any civil action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, [or] in the interest of justice." 28 U.S.C. § 1404(a). The Third

---

**2.** Plaintiff cites *Hollander v. Timex Group USA, Inc.*, No. 10–429, currently pending in the United States District Court for the Eastern District of Pennsylvania, for the proposition that arguments similar to those raised by Defendant have been considered and rejected in this District. In that case, the court granted in part and denied in part the defendant's motion to dismiss. The defendant raised the following four arguments in its motion to dismiss: (1) marking after expiration does not constitute false marking; (2) the pleadings are insufficient to show that the defendant had actual knowledge of the patent expiration or intent to deceive; (3) the plaintiff failed to plead his fraud-based allegations with particularity pursuant to Rule 9(b); and (4) claims seeking recovery for violations occurring prior to January 29, 2005 are time-barred. The court granted the motion as to all alleged violations occurring prior to January 29, 2005, and denied it in all other respects. There is no accompanying memorandum opinion, so the basis for the court's partial denial of the motion to dismiss is not apparent.

Circuit has identified a series of public and private considerations to be balanced in evaluating requests for transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses; and (6) the location of relevant books and records insofar as these could not be reproduced in the alternative forum. *Id.* The public interest factors include: (1) enforceability of judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the public policies of the fora; and (5) the judge's familiarity with the applicable state law. *Id.*

■ Here, the private and public interest factors either weigh in favor of Plaintiff or are neutral as between the two parties. The law is well-settled that "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (citation omitted). Thus, a transfer of venue is not warranted here.

### CONCLUSION

For the foregoing reasons, the Court grants in part Defendant's Motion to Dismiss or Transfer to the extent that Plaintiff's Complaint is dismissed for failure to state with particularity the circumstances constituting Defendant's alleged false marking. The Court denies Defendant's Motion to Dismiss in all other respects. The dismissal of this action is without prejudice and the Court grants Plaintiff leave to submit an amended complaint. In addi-

tion, the Court denies Defendant's Motion for Leave to Reply.

An appropriate order follows.

### ORDER

**AND NOW,** this _____ day of July, 2010, upon consideration of Defendant Etymotic Research, Inc.'s Motion to Dismiss or Transfer (Doc. 13); Plaintiff Bentley Hollander's Response in Opposition thereto (Doc. 14); Defendant's Motion to File a Reply (Doc. 15); and Plaintiff's Response in Opposition thereto (Doc. 16), **IT IS HEREBY ORDERED and DECREED** that Defendant's Motion to Dismiss or Transfer is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss or Transfer is **GRANTED** to the extent that Plaintiff's Complaint is **DISMISSED** for failure to state with particularity the circumstances constituting Defendant's alleged false marking.

2. Defendant's Motion to Dismiss or Transfer is otherwise **DENIED.**

3. On or before **Monday, July 26, 2010,** Plaintiff may submit an amended complaint that complies with Fed. R.Civ.P. 9(b).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Reply is **DENIED.**

### MEMORANDUM OPINION

Presently before the Court are Defendant Etymotic Research, Inc.'s Motion for Reconsideration to Transfer Pursuant to 28 U.S.C. § 1401(a) (Doc. 31); Plaintiff/Relator Bentley Hollander's Response in Opposition thereto (Doc. 32); Defendant Etymotic Research, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Pro-

cedure 12(b)(1) (Doc. 29); Plaintiff/Relator's Response in Opposition thereto (Doc. 35); and Defendant's Motion for Leave to File a Reply (Doc. 36).

For the reasons set forth below, this Court will deny Defendant's Motion to Dismiss Plaintiff/Relator's Amended Complaint and Defendant's Motion for Reconsideration. This Court also denies Defendant's Motion for Leave to File a Reply.

### BACKGROUND

Plaintiff Bentley Hollander ("Plaintiff") commenced this *qui tam* action against Defendant Etymotic Research, Inc. ("Defendant") for its alleged violation of the false marking statute, 35 U.S.C. § 292, in connection with its marking of certain earphones and earplugs with expired patent numbers. Specifically, Plaintiff claims that Defendant has violated 35 U.S.C. § 292(a) by, *inter alia*, falsely marking articles with expired patents and using those expired patents in its advertising of the articles for the purpose of deceiving the public into believing that the articles are covered by the expired patents. (Compl.¶ 2.)

Defendant Etymotic is a research, development, and manufacturing company that designs and manufactures in-ear products, such as earphones, hearing aids, and earplugs. (*See* Compl. ¶¶ 9–15.) Defendant's scientists, engineers, and audiologists have collaborated to generate over 100 patents. (*See* Compl. ¶ 16.) Plaintiff claims that, since 1984 and continuing to the present, Defendant has marked, or caused to be marked, products with one or more of the '679 Patent, the '753 Patent, and the '683 Patent.[1] (Compl.¶¶ 16–17.) According to

Plaintiff, the '679 Patent expired on July 5, 2004; the '753 Patent expired on October 4, 2005; and the '683 Patent expired on January 27, 2008. (Compl.¶¶ 20–22.) Defendant's alleged marking and sale of several products with those expired patents has given rise to the instant suit.

On April 19, 2009 Defendant Etymotic filed a Motion to Dismiss the instant action or in the alternative to transfer this action to the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). This Court entered an Order on July 14, 2010 granting in part and denying in part said Motion. Specifically, Defendant's Motion to Dismiss or Transfer was granted to the extent that Plaintiff's Complaint was dismissed for failure to state with particularity the circumstances constituting Defendant's alleged false marking. The July 14, 2010 Order granted Plaintiff leave to submit an amended complaint in accordance with Fed.R.Civ.P. 9(b).

### LEGAL STANDARD

#### A. Motion to Dismiss Pursuant to Federal Rule 12(b)(1)

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case. Rule 12(b)(1) motions are either facial or factual challenges. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir.2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. *Id.* (citing *United States ex rel. Atkinson v. PA Shipbuilding Co.*, 473

---

1. The three patents at issue are as follows: (1) U.S. Pat. No. 4,677,679, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on July 5, 1984; issued on June 30, 1987) ("the '679 Patent"); (2) U.S. Pat. No. 4,763,753, entitled "INSERT EARPHONES FOR AU-

DIOMETRY" (filed on October 4, 1985; issued on August 16, 1988) ("the '753 Patent"); and (3) U.S. Pat. No. 4,852,683, entitled "EARPLUG WITH IMPROVED AUDIBILITY" (filed on January 27, 1988; issued on August 1, 1989) ("the '683 Patent").

F.3d 506, 514 (3d Cir.2007)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir.2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). In reviewing a factual attack, the court is not confined to the allegations of the complaint. *Cestonaro v. United States,* 211 F.3d 749, 754 (3d Cir.2000). No presumption of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l,* 227 F.3d at 69 (citation omitted). The plaintiff bears the burden of persuasion regardless of whether the challenge is facial or factual. *Henderson v. Nationwide Mut. Ins. Co.,* 169 F.Supp.2d 365, 367–368 (E.D.Pa.2001).

### B. Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium Antitrust Litig.,* 214 F.3d 395, 397–98 (3d Cir.2000). The question is whether the claimant can prove any set of facts consis-

tent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Twombly* the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.' " *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993) (citation omitted). "[O]nly a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

### DISCUSSION

Defendant has raised three arguments in support of dismissing this action. First, Defendant argues that Plaintiff lacks Article III standing to maintain this action. Secondly, Defendant argues that Plaintiff has failed to state a claim for which relief can be granted. And third, Defendant argues that Plaintiff has failed to satisfy

the heightened pleading requirements of Fed.R.Civ.P. 9(b). Moreover, Defendant argues that in the alternative, this Court should reconsider its original decision denying Defendant's motion to transfer venue to the Northern District of Illinois. The Court will address each of those arguments in turn.

## A. *Standing*

Defendant first argues that Plaintiff lacks standing to bring a suit under § 292(a) because he has failed to allege any cognizable injury to himself, the public, or the United States government. (Def.'s Mot. Dismiss 14–15.) This Court previously addressed Defendant's argument in its original Motion to Dismiss and denied said Motion finding that Plaintiff had the requisite standing to maintain this action. Accordingly, this Court denies Defendant's Motion to Dismiss on this ground for the second time.

## B. *Sufficiency of Pleadings Under Section 292*

Section 292, prohibits a person from marking an "unpatented article" with the word "patent" or any words "importing that the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292(a). The statute provides for a fine of "$500 for every such offense." *Id.* The statute further provides that any person may sue for damages, and if damages are imposed under the statute, said person is to receive one-half of the statutory penalty and the United States is to receive the other half. 35 U.S.C. § 292(b).

■ Defendant argues that the allegations in Plaintiff's Amended Complaint do not establish a violation of 35 U.S.C. § 292 because the markings were not literally false. In support of this argument, Defendant reasons that the products at issue were covered by at least one of the patents listed in its marking. (Def.'s Mot. Dismiss 2.) Specifically, Defendant avers that most of its products are marked using the following language: "[X products] are covered by one or more of the following U.S. patents: [# A, # B, # C, # D] and other patents pending," and that so long as one valid listed patent covers the product, the statement is literally true and thus not actionable under 35 U.S.C. § 292 (Def.'s Mot. Dismiss 1.) According to Defendant's logic, the actual language used in its product markings must be false in its entirety to establish an actual violation of the statute. (Def.'s Mot. Dismiss 6.) Absent such an allegation, Defendant argues that this Court should dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The Supreme Court has held that "[f]or purposes of federal law ... an item for which a patent has expired or been denied ... is unpatented and unpatentable." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 159, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989). Also, in a recent case, the Federal Circuit acknowledged that articles marked with expired patent numbers are falsely marked. *Pequignot v. Solo Cup Co.,* 608 F.3d 1356, 1363 (Fed. Cir. 2010). *See also* 7 Donald S. Chisum, *Chisum on Patents* § 20.03 (2010) ("[A] strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent.").

The instant action involves an allegation of mismarking where Defendant has marked various products with several patents, some of which were expired at the time of the marking. A similar issue was recently confronted in *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347 (Fed. Cir.2005). The Federal Circuit made clear

that "[w]hen the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of *each* patent with which the article is marked." *Id.* at 1352. (emphasis added). *See also Brinkmeier v. Graco Children's Products Inc.*, 684 F.Supp.2d 548, 551 (D.Del.2010) ("[rejecting] defendant's contention that no actionable mismarking can occur if the product at issue is covered by at least one claim of the patents listed.") In *Hollander v. EUSA Pharma (USA) Inc.* No. 10–492, Aug. 26, 2010 Order (Doc. 21), Judge Davis had occasion to examine this issue and there he reasoned that although *Clontech* grappled primarily with the question of whether the products at issue were in fact covered by the patents with which they were marked, the opinion nevertheless provided some guidance on what constitutes an "unpatented article." Consequently, Judge Davis reasoned that "[u]nder *Clontech*, it appears that a product marked with expired patents and valid patents would be an 'unpatented article' for purposes of § 292." *Id.* at 3.

This Court finds Defendant's argument unavailing. That the product markings were "literally true" does not negate the fact that they were false in other regards. The very fact that Defendant advances this argument raises questions as to Defendant's contention that it lacked knowledge that many of the patents listed on the markings were expired. This Court declines to adopt Defendant's piecemeal approach towards determining the validity of its markings. One valid patent listed among several expired patents is not suffice to have this Court hold that the markings were not false under the meaning of § 292. *See Id.* at 4 (noting that the fact that a patent may be covered by on enforceable patent does not shied a Defendant from liability under § 292 with respect to other expired patents). Defendant has not advanced a legitimate argu-

ment as to why the definition of an unpatented article laid out in *Clontech* should not control in the instant action. Accordingly, this Court concludes that Plaintiff has sufficiently plead that Defendant's products are unpatented articles within the meaning of § 292.

### C. *Sufficiency of Pleadings Pursuant to Rule 9(b)*

■ Defendant further argues that Plaintiff's Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 9(b) because Plaintiff has failed to allege facts legally sufficient to support Defendant's knowledge of the alleged falsity or an intent to deceive the public. Fed.R.Civ.P. 9(b) imposes a heightened standard for pleadings when the cause of action sounds in fraud. Under the rule a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

The false marking statute requires that the marking be done with the "purpose of deceiving the public." 35 U.S.C. § 292. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R.Civ.P. 9(b) n10 Rule 9(b) serves to give defendants "notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements." *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3d Cir.2006).

Rule 9(b) permits allegations based on "information and belief" when "essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." *Id.; Exergen*

*Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed.Cir.2009). "[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Clontech Labs., Inc.*, 406 F.3d at 1352.

This Court dismissed Plaintiff's original Compliant finding that Plaintiff properly plead the fact of misrepresentation but had failed to properly plead an intent to deceive as required by Fed.R.Civ.P. 9(b). Plaintiff was granted leave to amend his Complaint so as to plead sufficient facts to provide a plausible basis from which to conclude Defendant's knowledge of falsity and to make a prima facie showing of Defendant's intent to deceive. Plaintiff's Amended Complaint alleges that Defendant received Ribbon Copies of each of the patents at issue, and that each Ribbon Copy gave Etyomic notice of the respective patent's duration. (Am. Compl. at ¶¶ 18–21.) Plaintiff further alleges that Etyomic not only reviewed the terms of those Ribbon Copies when they were issued, it also completed subsequent reviews of each patent during their life terms in order to comply with the payment of maintenance fees. (*Id.* at ¶¶ 22–26.) Plaintiff's Amended Complaint alleges that the payment of these maintenance fees were due 4, 8 and 12 years after each patent was originally issued. (*Id.* at ¶ 25.) Thus, Plaintiff argues that Defendant "knows, or at least should know, that one or more of the patents marked on the products" were expired. (*Id.* at ¶¶ 45, 50.)

Moreover, the Amended Complaint alleges that the products which were marketed after the patents at issue had expired were nevertheless marked with expired patents. Specifically, Plaintiff alleges that after the expiration of the '679 patent, Etymotic introduced new products marked with the '679 patent.

(*Id.* at ¶¶ 39–47) Defendant argues that this is at most an indication that expired patents were not removed from product markings when new products were introduced. (Def.'s Mot. Dismiss 6) Defendant's contention is faulty. Plaintiff's allegation is much more, it is a charge that Defendant purposely marked new products with patents that were expired and had knowledge that it was doing so as these products were marketed after the patents at issue had already expired.

Defendant argues that the listing of an expired patent in conjunction with "at least one non-expired patent" does not support an inference of an intent to deceive. According to Defendant the conditional language used in its markings defeats any allegation of purposeful intent to deceive the public. Defendant's argument lacks merit. That Defendant chose to couch its markings in conditional language does not negate the fact that some of the patents listed in the markings were expired. Further, Defendant's use of conditional language could have the effect of deceiving members of the public into believing that the products were covered by all the patents listed in the markings. Accepting the factual allegations of the complaint as true, this Court finds that Plaintiff has alleged sufficient facts supporting a reasonable inference that Defendant had knowledge that certain patents had expired and decided to continue marking its products with the expired patents with an intent to deceive the public. *See Hollander v. EUSA Pharma (USA) Inc.* No. 10–492, Aug. 26, 2010 Order (Doc. 21) (noting that since the combination of allegations of a false statement and knowledge that the statement was false creates a rebuttable presumption of an intent to deceive at a later stage such as summary judgement, such allegations are sufficient at the pleading stage as well).

Accordingly, this Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(6).

### D. *Motion for Reconsideration*

Defendant asks this Court to reconsider its July 14, 2010 Order denying Defendant's original Motion to Transfer this case to the Northern District of Illinois.

■■■ The Third Circuit has held that a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments." *Douris v. Schweiker,* 229 F.Supp.2d 391, 408 (E.D.Pa.2002) (quoting *Cont'l Casualty Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995)); *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir.1995) ("... reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

■■■ Here, Defendant fails to show any new evidence, change in controlling law, or manifest error of law or fact sufficient for the Court to reconsider its Order. In support of its Motion, Defendant argues that recent decisions support the transfer of this action. The recent decisions to which Defendant refers have all been decided by courts in California, Texas and Illinois. These cases are at best persuasive authority which this Court is not obligated to follow. That three district courts in other circuits have granted motions to transfer false patent marking actions to the forums in which target defendants are located in does not amount to a "change in controlling law" warranting the grant of a motion for reconsideration. *Max's Seafood Café,* 176 F.3d at 677 (3d Cir.1999) Each of the opinions cited by Defendant are based upon particular factual situations which are distinct from the factual circumstances here. Moreover, these decisions do not rely upon the law of the Third Circuit, the controlling law.

■■■ Defendant's Motion simply expresses disagreement with this Court's previous ruling. "[A] motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." *Colon v. Colonial Intermediate Unit 20,* 443 F.Supp.2d 659, 667 (M.D.Pa.2006) (citing *Glendon Energy,* 836 F.Supp. at 1122). Accordingly, the Court denies Defendant's Motion for Reconsideration.

### CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Defendant's Motion for Reconsideration. In addition, the Court denies Defendant's Motion for Leave to Reply.

An appropriate order follows.

### ORDER

**AND NOW,** this _____ day of October, 2010, upon consideration of Defendant, Etymotic Research, Inc's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 12(b)(1) (Doc. 29); Plaintiff/Relator's Response in Opposition thereto (Doc. 35); Defendant Etymotic Research,

Inc.'s Motion for Reconsideration to Transfer Pursuant to 28 U.S.C. § 1401(a) (Doc. 31); Plaintiff/Relator Bentley Hollander's Response in Opposition thereto (Doc. 32); and Defendant's Motion for Leave to File a Reply (Doc. 36), **IT IS HEREBY ORDERED and DECREED** that Defendant's Motions are **DENIED.**